**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**                    FOR PUBLICATION
---------------------------------------------------------X
In re:
RICHARD HARTLEY                                      Chapter 7
and KARA L. HARTLEY,                                 No. 09-37770 (CGM)

     Debtors.
---------------------------------------------------------X
JENNIFER ESPOSITO,

    Plaintiff,

   v.                                 Adv. Pro. No.  10-9055 (CGM)

RICHARD HARTLEY
and KARA L. HARTLEY,

    Defendants.
---------------------------------------------------------X
APPEARANCES:

DRAKE LOEB HELLER KENNEDY GOGERTY GABA & RODD, PLLC
555 Hudson Valley Avenue
Suite 100
New Windsor, NY 12553
By:   Stuart Kossar
*Attorneys for Plaintiff, Jennifer Esposito*

GREHER LAW OFFICES, P.C.
1161 Little Britain Road
Suite B
New Windsor, NY 12553
By:   Warren Greher
*Attorney for the Defendants, Richard and Kara Hartley*

## MEMORANDUM DECISION GRANTING PLAINTIFF'S
## MOTION FOR SUMMARY JUDGEMENT

  The plaintiff brings this adversary proceeding to except from discharge a judgment

obtained against the defendants' deli and catering business, Hartley's Catering, Inc. ("Hartley's

Catering").  Because the defendants dissolved the corporation without giving plaintiff notice and

opportunity to enforce her judgment against it, the defendants are jointly and severally liable for

on the judgment. The debt is non-dischargeable as property obtained by false pretenses, pursuant to section 523(a)(2)(A) and for failure to list the plaintiff in the petition pursuant to 523(a)(3).

## Background

On November 13 2003, Hartley's Catering was incorporated in the state of New York. Stmt. Material Facts ¶ 1. On February 21, 2008, the New York State Commission of the Division of Human Rights found Hartley's Catering d/b/a Schlesinger's Deli Depot, liable to the plaintiff in the amount of $300,000. Stmt. Material Facts ¶ 50. The defendants were the owners of the corporation. Stmt. Material Facts ¶ 2. On October 27, 2009, the Appellate Division, Second Department, confirmed the award and on January 19, 2010, a judgment was entered by the Orange County Supreme Court in the amount of $352,400.82, including interest, in plaintiff's favor. Stmt. Material Facts ¶¶ 57, 58.

While the appeal of the award was pending, Hartley's Catering was dissolved. Plaintiff's Exh. T (Certificate of Dissolution). The certificate of dissolution was signed by defendant, Richard Hartley, as President of Hartley's Catering, and filed on July 31, 2008. *Id.* The certificate of dissolution lists Richard and Kara Hartley as officers and directors of the corporation. *Id*. After dissolution, the defendants continued to operate the deli until September of 2009. Exam. of R. Hartley at 22-25.

On October 8, 2009, after the close of the deli and prior to the completion of the appellate process, the defendants commenced a chapter 13 case, which was converted to a chapter 7 on August 5, 2010. Plaintiff's Exh. P (Case Docket). On the petition, they list as personal property their stock in two businesses, R.K. Hartley and Deli Depot of Orange County. Plaintiff's Exh. Q (Voluntary Petition). The defendants indicate that their home is subject to two mortgages in favor of Bank of America and a third mortgage in favor of Minuteman, c/o Schlesinger's

Steakhouse, in the amount of $185,000. *Id.* Neither the plaintiff nor her law suit was listed on the petition. *Id.*

The plaintiff now seeks summary judgment excepting her debt from discharge pursuant to sections 523(a)(2)(A); 523(a)(3); and 523(a)(4).

## Statement of Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1334(a) and (e), 28 U.S.C. § 157(a), and the Standing Order of Reference signed by Acting Chief Judge Robert J. Ward dated July 10, 1984 (the "Order of Reference"). Determination of an objection to claim is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

## Summary of the Law

Summary judgment should be granted "where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Jacobowitz v. The Cadle Co.*, 309 B.R. 429, 435 (S.D.N.Y. 2004); Fed. R. Civ. P. 56(a). The moving party has the initial burden of establishing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986) "[T]he court resolves all ambiguities and draws all permissible factual inference against the movant." *Jacobowitz*, 309 B.R. at 435.

The nonmoving party should oppose the motion for summary judgment with evidence that is admissible at trial. *See* Fed. R. Civ. P. 56(e)(1); *Crawford v. Dep't of Investigation*, 324 Fed. Appx. 139, No. 07-4793, 2009 LEXIS 10256 (2d Cir. May 13, 2009) (court affirmed award of summary judgment in favor of defendant, where plaintiff presented testimony from uncorroborated source, as well as "speculation, hearsay and other inadmissible rumor, and conclusory allegations"); *Raskin v. The Wyatt Co.*, 125 F.3d 55 (2d Cir. 1997) (court affirmed award of summary judgment in favor of defendant; court noted "only admissible evidence need

be considered by the trial court in ruling on a motion for summary judgment," and rejected an expert report as inadmissible).

There is no dispute that on February 21, 2008, the plaintiff obtained a New York State Division of Human Rights Order against Hartley's Catering, Inc. d/b/a/ Schlesinger Deli Depo in the amount of $300,000 plus interest. The plaintiff is seeking to have this debt excepted from the Debtor's discharge. Before deciding whether the debt may be excepted under section 523, the Court must decide whether the Defendants, as officers, directors and shareholders of Hartley's Catering, may be held liable for the debts of the corporation.

### *Defendants are joint and severally liable*

Defendants were the owners and directors of Hartley's Catering, Inc. This corporation was non-judicially dissolved on July 31, 2008. Although Mr. Hartley provided verbal notice to some creditors, he provided no notice of dissolution to plaintiff. *See* Exam. R. Hartley at 37.

According to New York Business Corporations law, a corporation that dissolves non-judicially may choose to give public notice of its dissolution and require its creditors to present claims within a specified period of time. *See* N.Y. Bus. Corp. § 1007 (McKinney 2003 & Supp. 2011). The dissolving corporation is not required to notify its creditors in the manner prescribed in section 1007. Under New York law, a corporation may informally dissolve by transferring all of its assets without giving any notice to its creditors. *See* N.Y. Bus. Corp. Law § 1006-1007 (McKinney 2003 & Supp. 2011). However, a corporation that does not provide notice risks the suspension or annulment of its dissolution and places its directors, officers and shareholders at risk of acquiring liability for the corporate debt. *See* N.Y. Bus. Corp. Law § 1008 (McKinney 2003 & Supp. 2011); *see also Parent v. Amity Autoworld, Ltd.*, 2007 NY Slip Op 27082, at 5

(N.Y. Dist. Ct. 2007); White, New York Business Entities, P B1007.01 (Matthew Bender, 14th Ed.).

Pursuant to N.Y. law, shareholders are jointly and severally liable to creditors of the corporation once dissolution is complete. *Rodgers v. Logan*, 121 A.D.2d 250, 253 (N.Y. App. Div. 1st Dep't 1986). The "dissolution of a corporation does not 'affect any remedy available to or against such corporation, its directors, officers or shareholders for any right of claim existing or any liability incurred before such dissolution . . . .'" *In re McGregor*, 182 B.R. 96, 100 (Bankr. S.D.N.Y. 1995) (Bankr. J. Garrity); N.Y. Bus. Corp. Law § 1006(b). Until dissolution has been completed, title to corporate assets remains in the corporation. *See* N.Y. Bus. Gen. Law § 1006; *see also Rodgers*, 121 A.D.2d at 253. "After dissolution, the shareholders to whom are distributed the remaining assets of the corporation are said to 'hold the assets which they received, in trust for the benefit of creditors.'" *Rodgers*, 121 A.D.2d at 253 (citing *Plastic Contact Lens Co. v Frontier of the Northeast*, 324 F. Supp. 213, 220 (WDNY 1969), *affd* 441 F.2d 67 (2d Cir. 1971), *cert denied* 404 U.S. 881). "In actions by a creditor to satisfy or enforce a corporate liability, . . . a creditor must ordinarily exhaust his remedies at law by obtaining a judgment against the corporation and by the return of an execution unsatisfied. However, where it is impossible or futile to obtain such judgment, the creditor can maintain an action directly against the directors or shareholders, even though no judgment has been obtained." *See Rodgers*, 121 A.D.2d. at 253.

The defendants argue that the plaintiff is required to exhaust her remedies against the corporation and bring an action to establish the defendants' liability under New York Business Corporation Law section 1008(a)(5) before she may proceed against them in this Court. Hartley's Catering has been dissolved for three years and its assets have been distributed; any

attempt by plaintiff to enforce her judgment against the corporation would be futile and most likely would be a violation of the stay. *See* Exam. R. Hartley at 28-34. It is well established in this Circuit that even if the action is taken against a non-debtor, such as Hartley's Catering, the Court must examine the effect of the action, and if that effect "would inevitably have an adverse impact on property of the bankrupt estate, such action should be barred by the automatic stay." *48th Street Steakhouse, Inc. v. Rockefeller Group, Inc. (In re 48th Street Steakhouse, Inc.*), 835 F.2d 427, 431 (2d Cir. 1987). If the plaintiff had proceeded in state court pursuant to section 1008(a)(5), the action may have been considered a violation of the automatic stay. Indeed, as soon as the appeal was completed and the plaintiff attempted to enforce her judgment, the defendants' bankruptcy counsel informed her of the pending bankruptcy. Continuing collection at that time, would have put plaintiff in jeopardy of violating the automatic stay. This action was properly commenced in bankruptcy court.

The plaintiff argues that the defendants may also be held personally liable under *Parent v. Amity Autoworld, Ltd.* In *Parent*, the court stated that "the cost of informal dissolution is that directors cannot shield themselves against corporate creditor liability." *Parent*, 2007 NY Slip Op 27082, at 5. Although, *Parent* deals with an informal dissolution, as opposed to a non-judicial one, the Court is persuaded by its reasoning. The court in *Parent* based its ruling on early New York case law, upon which sections 1006 and 1007 were reportedly enacted. Those earlier cases "extended liability to corporate directors, not as an incident of fraud, but because they failed to undertake their duty to give creditors notice of transfer as provided in . . . the then existing Code of Civil Procedure." *See Parent*, 2007 NY Slip Op 27082, at 4 (citing *Darcy v Brooklyn & N.Y. Ferry Co.*, 196 NY 99 (1909) and *Hurd v New York & Commercial Steam Laundry Co.*, 167 NY 89, 60 NE 32 (1901)). When a corporation chooses to dissolve without

noticing its creditors, those creditors lose the opportunity to present and enforce claims against the corporation. *Darcy v. Brooklyn & N. Y. Ferry Co.*, 196 N.Y. 99 (N.Y. 1909) (It is "the neglect to afford [creditors an] opportunity [for court review of their claims that] constitute[s] a violation of the directors' duties, and it matters not that they may have supposed they were not required to do any more than they did for the protection of creditor.").

Here, the defendants gave verbal notice to some of the corporation's creditors, such as its landlord and mortgagees and dissolved their corporation in secrecy to those creditors who they did not see fit to pay. *See* Exam. R. Hartley at 37. In doing so, the corporation did not afford the plaintiff the opportunity to enforce her judgment. Any attempt by the plaintiff to enforce her judgment against the corporation at this time would prove impossible. The corporate assets were distributed to other creditors and to the defendants, years ago. *See* Exam. R. Hartley at 28-34. The plaintiff is entitled to hold the defendants joint and severally liable for the debts of Hartley's Catering.

### *Property obtained by false pretenses under 523(a)(2)(A)*

Section 523(a)(2)(A) states that a debtor is not entitled to a discharge from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—false pretenses, a false representation, or actual fraud."

The plaintiff alleges that this debt should be excepted from discharge under section 523(a)(2)(A). In order to prevail on an argument under section 523(a)(2)(A), a plaintiff must show by a preponderance of the evidence that the debtor made a false misrepresentation; knowing it was false; with the intent to deceive; that creditor justifiably relied on that misrepresentation; and sustained a loss that was proximately caused by the misrepresentation. *Cadle Co. v. Iulo (In re Iulo)*, 421 B.R. 49, 54 (Bankr. S.D.N.Y. 2009). The plaintiff has met her

burden with respect to 523(a)(2)(A) and the debt may be excepted from discharge as property obtained by false pretenses.

For purposes of section 523(a)(2)(A), the term "property" is broad and "denotes something subject to ownership, transfer or exclusive possession and enjoyment, which may be brought within the dominion and control of a court through some recognized process. This is certainly the full extent of the word's meaning as employed in ordinary speech and business and the same significance attaches to it in many carefully prepared writings." *Gleason v. Thaw*, 236 U.S. 558, 561 (1915). Here, the defendants obtained, transferred, and exclusively controlled the assets of Hartley's Catering. It is not necessary that the property directly benefit the debtor. Collier on Bankruptcy P 523.09[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Even an indirect benefit constitutes "obtaining property" within the meaning of section 523(a)(2)(A). Collier on Bankruptcy P 523.09[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

False pretense "involves an implied misrepresentation or conduct intended to create or foster a false impression." It is well, recognized that "silence, or the concealment of a material fact, can be the basis of a false impression, which creates a misrepresentation actionable under 523(a)(2)(A)." *In re Weinstein*, 31 B.R. 804, 809 (Bankr. E.D.N.Y. 1983). Hartley's Catering was dissolved without notice to plaintiff despite the fact that she was the recipient of a $300,000 award against the corporation. *See* Exam. R. Hartley at 28; 37. Instead of notifying her, the defendants continued to operate the business for over a year after dissolving the corporation, making it appear to the plaintiff that the corporation was still in existence. *See* Exam. R. Hartley at 27-28. Failing to notice plaintiff of the dissolution of the corporation is certainly a "concealment of a material fact" and qualifies as a misrepresentation under section 523(a)(2).

To prevail on an action for non-dischargability based upon false pretenses, a plaintiff is not required to prove *actual* reliance. It is sufficient "that the false statement is one that is capable of influencing, or had a natural tendency to influence, a creditor's decision." *Insurance Co. of N. Am. v. Cohn (In re Cohn),* 54 F.3d 1108, 1115 (3d Cir. 1995). Despite Mr. Hartley, as President of the corporation, signing and filing the certificate of dissolution on July 31, 2008 and New York law prohibiting a dissolved corporation from engaging in new business, the Hartleys continued to operate the deli until September of 2009 and never notified plaintiff of the dissolution. *See* Exam. R. Hartley at 27-28. The Hartleys actively concealed the corporation's dissolution from plaintiff as well as from the state court by filing and litigating an appeal of plaintiff's award from May of 2008 until October 2009 in the New York State Appellate Division. At no time during the appellate process, did the Hartleys inform the court or the plaintiff of a critical fact regarding a party to the lawsuit: Hartleys Catering no longer existed. The plaintiff relied on the fact that Hartley's Catering was continuing doing business as well as the fact that it was pursuing litigation against her in the New York State Appellate Division. Since she received no notice of Hartley's Catering's dissolution and it continued to operate as a business and litigate in state court well after filing its certificate of dissolution, the Court finds that the plaintiff justifiably relied on the defendant's misrepresentation that Hartley's Catering was a going concern.

Courts have recognized that a debtor will "rarely, if ever, admit that deception was his purpose." *Insurance Co. of N. Am. v. Cohn (In re Cohn)*, 54 F.3d 1108, 1119 (3d Cir. 1995). For this reason, bankruptcy courts may look to the totality of the circumstances, including the recklessness of a debtor's behavior, and infer whether there is intent to deceive. *Id.* Here, Mr. Hartley admitted that the plaintiff's judgment against Hartley's Catering was one reason that the

corporation's business declined and dissolution was necessary. *See* Exam. R. Hartley at 26-27.[1] Yet, as President of Hartley's Catering, he chose to notify some of Hartley's Caterings creditors and chose not to notify plaintiff of the dissolution of the corporation. *See* Exam. R. Hartley at 37-38. Defendants continued to operate the catering and deli business and continued litigating the appeal of plaintiff's New York State's Division of Human Rights award. *See* Exam. R. Hartley at 27-28. The Hartley's intended to deceive the plaintiff by secretly dissolving the corporation without providing her with notice of the dissolution; continuing to operate their business in violation of state law; and continuing to actively pursue appellate litigation against the plaintiff in the name of their dissolved corporation.

Plaintiff was prevented from enforcing her judgment against assets of the corporation at the time of dissolution because she received no notice of the act. By failing to receive notice regarding dissolution of Hartley's Catering, the plaintiff was precluded from presenting a claim for payment out of the final liquidating distribution of the corporation under NY law. *See* N.Y. Bus. Corp. § 1005-1008 (McKinney 2003 & Supp. 2011). Assets that she may have been entitled to at the time of dissolution have been distributed to the shareholder and other creditors of Hartley's Catering. The plaintiff has proven that she was damaged by the misrepresentation.

Pursuant to section 523(a)(2)(A), this debt is non-dischargeable. The Defendants argue that the plaintiff has not proven that she is a creditor of the debtors but is a creditor of Hartley's Catering. As is discussed earlier, the Defendants are jointly and severally liable for the debt of Hartley's Catering.

---

[1] Q, "Was the reason for [the bad economic situation of Hartley's Catering] the economy or something else… ?"
…
A. "This case."
…
Q. "The other [reasons] would be the judgment that got entered against Hartleys."
A. "Absolutely."

*Failure to provide notice of the bankruptcy proceeding under section 523(a)(3)*

Section 523(a)(3) states that a debt "neither listed nor scheduled under section 521 (a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request."

This section is concerned with protecting a creditor's right to receive distribution through the filing of a timely proof of claim or commencing a timely action to object to discharge. Collier on Bankruptcy P 523.09[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Pursuant to 523(a)(3), it is grounds for non-dischargability if a debtor fails to list or schedule a debt of the kind specified under 523(a)(2), (4), and (6). This subsection is not an independent basis for non-dischargability; it contains a precondition that the debt be non-dischargable under subsections 2, 4, or 6 before a court may find it non-dischargeable under section 523(a)(3). *Id.* Failing to list such a debt is remedied by the loss of the 60 day limitation period applicable for dischargeability determinations and the possible loss of the exclusive right to have dischargability determined by the bankruptcy court. *See id.*

Here, the Court has already determined that the debt is non-dischargeable under section 523(a)(2)(A). Pursuant to section 523(a)(3), the plaintiff has met her burden under 523(a)(3).

*Fiduciary debts, embezzlement or larceny pursuant to 523(a)(4)*

Section 523(a)(4) states that a debt may be excepted from discharge "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

In order to prevail on a claim under 523(a)(4) for fraud or defalcation while acting in a fiduciary capacity, a plaintiff must show by a preponderance of the evidence that the debtor appropriated property for his or her own use with intent to defraud. *Cadle Co. v. Iulo (In re Iulo)*, 421 B.R. 49, 55 (Bankr. S.D.N.Y. 2009). The term "fiduciary capacity" has been construed narrowly and strictly in order to preserve the debtor's ability to receive his fresh start. *Owens v. Owens (In re Owens)*, 2005 U.S. Dist. LEXIS 2300 (S.D.N.Y. Feb. 15, 2005). The traditional meaning of fiduciary is far too broad for purposes of section 523(a)(4). *Id.* The relationship required under section 523(a)(4): (1) must have existed before the act that created the debt; (2) the wrongful act creating the debt was done during the course of the fiduciary relationship; and (3) the "special debt" arising from the breach of a fiduciary duty must be based on an express, technical or statutory trust. *Id.* Relationships formed under involuntary and constructive trusts are excluded. *See Quaif v. Johnson*, 4 F.3d 950, 953 (11th Cir. Ga. 1993).

Here, the "trust" relationship was formed after dissolution of the corporation and concurrent to the Defendants' liability to the plaintiff. The debt is not dischargeable under section 523(a)(4).

## Conclusion

The Defendants are jointly and severally liable to the plaintiff for the debts of Hartley's Catering and are non-dischargeable pursuant to sections 523(a)(2)(A) and 523(a)(3).

Counsel for the Plaintiff shall submit an order consistent with this decision.

Dated: Poughkeepsie, New York
October 5, 2011

                                          /s/ Cecelia G. Morris
                                          ***United States Bankruptcy Judge***